NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRWIN ISIDRO VALLENTE LIM, | No. 07-71064 |
| Petitioner, | Agency No. A071-583-817 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Irwin Isidro Vallente Lim, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n. 1, (1992), and we deny the petition for review.

Lim testified that he did not suffer any harm or threats in the Philippines, but that the New People's Army ("NPA") burned one of his father's trucks after his father refused to pay them money and reported the incident to authorities, and he testified that his family's house in the Philippines was burned after his sister's visit.  Substantial evidence supports the BIA's conclusion that Lim did not establish past persecution.  *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003).  Substantial evidence also supports the BIA's conclusion that Lim failed to establish that his fear of persecution is well-founded because he remained unharmed in the Philippines for two years after his family received extortion demands from the NPA, *see Gu v. Gonzales*, 454 F.3d 1014, 1020-22 (9th Cir. 2006), and he failed to establish that his fear of future persecution is based on a protected ground, *see Elias-Zacarias,* 502 U.S. at 481-82.

Because Lim has not met the standard for asylum, he necessarily cannot meet the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

07-71064